IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CORY ANDREW HUGHES                                                              PLAINTIFF

VERSUS                                            CIVIL ACTION NO.  2:10-cv-263-KS-MTP

RON KING and LT. JOY ROSS                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Cory Andrew Hughes, an inmate currently confined in South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are Ron King, Superintendent of SMCI and Joy Ross, a lieutenant at SMCI.  Plaintiff is seeking as relief expungement of a Rules Violation Report and the restoration of six months of his good time credit.

Background

Plaintiff states in his complaint that on July 21, 2010, as a result of a random shakedown, he received a Rules Violation Report for having possession of a electronic device, *i.e.*, cell phone.  At the disciplinary hearing on July 28, 2010, Plaintiff states that Defendant Ross found him, as well as his cell mate James Moore, guilty of the Rules Violation Report notwithstanding Plaintiff's cell mate James Moore testifying that the cell phone belonged to him and Plaintiff's testimony that he did not know about the cell phone. According to the complaint, Plaintiff filed an request for administrative remedy with Defendant King.  In the Second Step Response [1-2] p.1 to Plaintiff's request, Defendant King stated Plaintiff was determined to be guilty because the cell phone was placed (in the

cell mate's shoe) "in an area accessible by both offenders." Because he claims that he was erroneously found guilty of the Rules Violation Report, Plaintiff has filed the instant civil action requesting that the Rules Violation Report be expunged and six months of his good time credits be restored.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

The restoration of good time relief, if granted, would result in Plaintiff receiving an accelerated release. As such, a § 1983 civil action is not the proper vehicle to pursue that request. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) *cert. denied*, 525 U.S. 1151 (1999). Plaintiff must pursue his request for the restoration of good time credit through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(finding by the United States Supreme Court that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

credits" and would imply a speedier release from prison).  According to the allegations of the complaint, Plaintiff fails to establish that he has exhausted his available state remedies as required to pursue this matter as a habeas request.  *See Preiser v. Rodriguez*, 411 U.S. 475, 477  (1973).  Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.

Moreover, a collateral attack on the prison disciplinary proceedings that "necessarily imply the invalidity" of that proceeding may not be pursued in a § 1983 civil action until Plaintiff establishes that the disciplinary proceeding has been invalidated, reversed, expunged, or otherwise impugned.  *See Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits.  *See Edwards*, 520 U.S. at 648 (providing that a § 1983 civil action for damages concerning a disciplinary hearing which would necessarily imply the invalidity of the prisoner's "conviction" in the disciplinary proceeding or the length of his confinement is barred unless the *Heck* conditions are met).  There are no allegations nor attachments to his complaint that demonstrate that the disciplinary hearing which are the subject of the instant civil action has been invalidated.  Thus, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued.  *See Heck*, 512 U.S. at 489-90.  Consequently, he cannot maintain this action against the named Defendants.

## Conclusion

As discussed above, Plaintiff's claim for restoration of good time credits is habeas in nature and cannot be maintained as a § 1983 action. Additionally, the remaining claims

presented in the instant civil action concerning the procedural validity of his disciplinary hearings have not yet accrued and therefore, Plaintiff has failed to state a claim upon which the requested relief may be granted. Consequently, Plaintiff's instant cause of action will be dismissed with prejudice as to the § 1983 claims[2] and without prejudice as to his habeas claims.

### Three-strikes provision

Since this case filed pursuant to 42 U.S.C. § 1983 is dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, it will be counted as a "strike".[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion and order will be entered.

This the 11th day of February, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[3] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.